## No. 108
## HOPPLE v. AM. SURETY CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 5275. Oct. 13, 1924

**677. JUDGMENT**—Will not be vacated for negligence of attorneys failing to appear at the trial of the case.

**941. PRACTICE AND PROCEDURE**—Attorneys held to strict compliance with rules of trial court concerning notice of assignment of cases for trial.

SULLIVAN, J.

### Epitomized Opinion
Published only in Ohio Law Abstract

Original action in the Common Pleas wherein the American Surety Co. of New York was plaintiff and Wm. H. Hopple et al were defendants. When the case was called for trial the defendants did not appear and judgment was rendered for the Surety Co. upon default.

Thereafter within term Hopple filed a motion to vacate judgment and a motion for new trial. In support of these motions several affidavits were offered. They set forth that application was made to the clerk to have the name of one, Christopher appear as counsel of record and that the clerk declared that all that was necessary was to have the name placed upon the Appearance and execution docket. This was done and no notice of the new counsel was given to the assignment room. When the case was called, Christopher was not informed by the Assignment Room and did not know of the calling of the case and consequently neither he nor his client appeared. The trial court overruled both motions whereupon Hopple prosecuted error to the Court of Appeals which held:

No bill of exceptions is filed and as a result this court cannot consider the affidavits that were filed in support of the motions in the court below. This court takes judicial notice of rules "f" and "g" governing the assignment of cases in the Common Pleas Court. By these rules attorneys are required to keep the assignment room informed of their telephone numbers and cases regularly assigned to a room will there be tried or dismissed unless for good cause arising after the case might be passed.

It is not an abuse of discretion to refuse to vacate a judgment even during the term where the only ground is that counsel were negligent in attending to the trial of the case. 17 CC. N. S. 122. Judgment affirmed.

**Attorneys:** David A. Christopher for Hopple, Garfield, MacGregor & Baldwin for Surety Co., all of Cleveland.

## No. 109
## PERRINE v. PERRINE

Ohio Appeals, 1st Dist., Warren Co.

No. 102. Decided May 22, 1924

**294. CONTEST OF WILLS**—Action to contest will, begun within one year, is not vitiated by entrance of interested parties after expiration of that time.

HAMILTON, J.

### Epitomized Opinion
Published only in Ohio Law Abstract

John Perrine made a will which was contested by a brother, Benj. Perrine, in the Warren Probate Court. On motion by George Perrine to dismiss the action the Probate Court complied thereto. The theory being that although the action was instituted within the time allowed by the Statute of Limitations, the coming in of brothers and sisters of the half blood as interested parties after the year had elapsed, tended to bring it within the Statute.

The Court of Appeals held:

1. This was error.

2. "Where proceeding for contest of will is commenced within the statutory period of limitation, although only part of the persons interested in the contest are made parties thereto, the right of action is saved as to all who are ultimately made parties, notwithstanding, some of them are not brought into the case until after the period of limitation has expired. Brandford v. Andrews et al, 20 OS. 208. Judgment in dismissing action reversed.

**Attorneys**—Ed. H. Williams, for Benj.. Perrine; George E. Young, Dean O. Stanley, Frank Brandon, Carlton F. Brown, for George Perrine; all of Lebanon.